## Rupp, Jr., etc., et al. v. Zintner

*Fox & McTighe*, for plaintiffs.
*High, Dettra & Swartz*, for defendant.

CORSON, J., April 26, 1937.—Plaintiffs, father and son, brought suit against defendant, a school teacher, to recover damages which plaintiffs allege resulted from unreasonable physical punishment inflicted by defendant upon the minor plaintiff, her pupil.

The jury returned verdicts in favor of plaintiffs in the amounts of $91.20 and $100. Defendant has filed motions for new trial and for judgment n. o. v. The motion for new trial is not pressed, and the sole question is whether or not the verdicts should be set aside and judgment entered in favor of defendant.

We shall outline the facts as they appear from the testimony in plaintiff's favor, as we are bound to do in passing upon the motion for judgment n. o. v.: McIntyre

v. The Equitable Life Assurance Society of the United States, 324 Pa. 417. From this testimony it would appear that on November 6, 1935, William F. Rupp, Jr., minor plaintiff, was a pupil in Royersford High School. At about 12:45 p.m. on that day, the minor, with other pupils, was in the library of the school building during a study period which was in charge of defendant, a teacher in such school. According to plaintiff's testimony, as he was tapping with a pencil for the purpose of attracting the attention of a fellow-student, in order to obtain a book, he was struck over his right ear by defendant and his eardrum so severely injured that he was forced to undergo medical treatment for some time thereafter. It would further appear that as a result of the resulting rupture of the eardrum minor plaintiff now has a permanent impairment of his hearing in the right ear of at least 20 percent.

The question to be decided is whether or not a teacher in a public school in Pennsylvania is civilly liable for damages resulting from corporal punishment inflicted upon a pupil. The question, so far as we have been able to discover, has not been passed upon in any case in this State. The nearest similar case would seem to be Commonwealth v. Ebert, 11 Dist. R. 199, 200 (1901). While this case was prior to the School Code of May 18, 1911, P. L. 309, yet the trial judge in that case held that, even though a school teacher is in loco parentis during the period that the pupil is in her charge, yet the teacher is not allowed to punish the child more than a reasonable amount. This, however, was a criminal case, and the statements of the trial judge as to the civil liability of the school teacher were, of course, dicta. The School Code of 1911, supra, sec. 1410, provides:

"Every teacher in the public schools in this Commonwealth shall have the right to exercise the same authority as to conduct and behavior over the pupils attending his school, during the time they are in attendance, including the time required in going to and from their homes, as

the parents, guardians, or persons in parental relation to such pupils may exercise over them."

Under section 147, A. L. I. Restatement of Torts, it is provided:

"One other than a parent who has been given by law or has voluntarily assumed in whole or in part the parental function of training or educating a child or one to whom the parent has delegated such training or education, is privileged to apply such reasonable force or to impose such reasonable confinement upon the child as he reasonably believes to be necessary for its proper training or education except insofar as the parent has restricted the privilege of a delegate to whom he has entrusted the child's education or training."

Comment (*b*) upon this section states:

"The rule stated in this Section determines the existence of a privilege on the part of any person other than a parent who is exercising in whole or in part the parental function of training or educating a child. Such persons, unlike the parent, are under a liability to the child enforceable in a civil action of tort for any harm intentionally done to it unless the act which causes the harm is privileged. The privilege here stated is, therefore, important as protecting the actor from liability to the child enforceable by a civil action to which he would otherwise be subject." See also sections 148, 149, A. L. I. Restatement of Torts.

It would appear, therefore, that while parents may only be prosecuted criminally for unreasonable physical punishment of their children, yet a school teacher is responsible not only criminally but civilly as well.

It may be that the pupil in the present case, by a course of conduct over a period of time, had angered and aggravated defendant to a point where she may well have felt that if she did not bring him under control she would no longer be able to maintain discipline and might lose her position as a result. Even the desperation of the teacher,

however, cannot relieve her from liability if the jury finds that the punishment was excessive and unreasonable. Any jury would, of course, have been justified in finding that the punishment was unreasonable if it had found that defendant intentionally ruptured minor plaintiff's eardrum. No one, of course, would contend that defendant intended, or possibly even contemplated, such a result when she struck Rupp, Jr. The jury in this case might have found, however, that a person of ordinary prudence and judgment would or should know that a blow upon the ear, particularly where the blow is delivered in such a manner as to force air into plaintiff's ear under pressure, may cause damage to the ear.

If a teacher feels that corporal punishment must be administered to a pupil, nature has provided a part of the anatomy for chastisement, and tradition holds that such chastisement should there be applied.

Sometime ago, during a radio talk on dogs, the writer of this opinion heard the speaker give the advice that in punishing a dog he should never be struck about the head or ears. Certainly the same advice would seem to apply to punishment for a child, even though the pupil in the present case had almost passed the stage of childhood.

The trial judge in the present case charged even more strongly for defendant than the law might seem to require and ruled that there could be no recovery unless the jury found that the punishment was unreasonable and was maliciously inflicted by defendant. While the criminal case of Commonwealth v. Ebert, supra, refers to malice, yet we do not feel that malice was necessary to support the verdict in the present case. It is the contention of the defendant that, since the parent could not become liable civilly to his child, therefore a teacher standing in loco parentis also could not be liable. With this contention we cannot agree for the reasons given.

And now, April 26, 1937, defendant's motions for judgment n. o. v. are refused, and the prothonotary is directed

to enter judgment upon the verdicts upon payment of the verdict fees.